# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————————

ROBERTA BACA,

        Appellant,

     v.                                      No. 1:22-cv-00780-KWR-JHR

OFFICE OF THE SUPERINTENDENT OF INSURANCE,
RUSSELL TOAL, ANGELICA ANAYA ALLEN,
STEPHEN THIES,

        Appellees.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Appellees' Motion to Dismiss. Doc. 11. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is **WELL- TAKEN**, and therefore, is **GRANTED**. The New Mexico Human Rights Act claims are **DISMISSED**.

## BACKGROUND

This case is a labor dispute arising from Appellant Roberta Baca's claims that she faced discriminatory treatment while working for Appellees, Office of Superintendent of Insurance, Russell Toal, Angelica Anaya Allen, and Stephen Thies. Appellant filed a Charge of Discrimination to the New Mexico Human Rights Bureau (HRB) on August 30, 2021. Doc. 11-1. The HRB issued a Letter of Determination finding no probable cause on June 2, 2022. Doc. 1-1. Appellant appealed the HRB's decision to the New Mexico 1ˢᵗ Judicial District Court on September 6, 2022. *Id.* Appellees subsequently removed the action to federal court on October 19, 2022. Doc. 1. Appellant alleged the following claims:

Count I: Violation of New Mexico Human Rights Act, Title VII of the Civil Rights Act, and the Americans with Disabilities Act

Count II: Violation of the New Mexico Fair Pay for Women Act and Age Discrimination Act of 1967

Count III: Violation of the New Mexico Whistleblower Protection Act and the State Ethics Commission Act Retaliation

Appellees filed a Motion to Dismiss Appellant's New Mexico Human Rights Act claims. Doc. 11.

## SUBJECT MATTER JURISDICTION

Appellees are seeking a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. However, the timely filing of a notice of appeal from New Mexico Human Rights Act (NMHRA) order is a jurisdictional issue. *Herrera v. Las Cruces Pub. Sch.,* 695 F. App'x 361, 367 (10th Cir. 2017). The New Mexico Supreme Court has explained that "the timely filing of a notice of appeal from an NMHRA administrative order is effective to give the district court jurisdiction to try the case de novo under [N.M. Stat. Ann.] Section 28-1-13." *Mitchell-Carr v. McLendon*, 127 N.M. 282, 980 P.2d 65, 70 (1999). "[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within [90] days are not satisfied." *Id.* Therefore, Federal Rule of Civil Procedure 12(b)(1), which allows the "defense ... [of] lack of subject-matter jurisdiction" to be asserted "by motion," is the proper procedural mechanism, not Rule 12(c). Fed. R. Civ. P. 12(b)(1)

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1)

is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If a party challenges the facts upon which subject matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations ... [and it] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## DISCUSSION

Appellees argue that Appellant's New Mexico Human Rights Act (NMHRA) claims are time barred because Appellant filed 90 days after the date of service of the Letter of Determination. Doc. 11 at 5. Appellant argues that the claims are not time barred because she

filed within 90 days after the date of receipt of the Letter of Determination. Doc. 13 at 2. The Court finds Appellant's NMHRA claims are time barred.

Under the NMHRA, "[t]he notice of appeal must be filed within ninety days from the *date of service* of the commission's order." N.M.S.A. § 28-1-13 (emphasis added). The Tenth Circuit held that "date of service" in § 28-1-13(A) means "date of mailing" when service is effected by mailing. *Herrera.,* 695 F. App'x at 371; *see also Montano v. Pub. Serv. Co. of New Mexico,* No. 1:14-CV-00079 WJ/SCY, 2015 WL 12861177, at *2 (D.N.M. Aug. 3, 2015) (holding is date of service is date of mailing); *Vigil v. City of Eespanola*, 2009 WL 1300746 (D.N.M. Feb. 18, 2009) (same); *Haynes v. Presbyterian Healthcare Services*, 2015 WL 4366698 (N.M. Ct. App., June 30, 2015) (holding that the NMHRA claim was time barred because it was filed 91 days after the date on the Order of Non-Determination). Pursuant to Rule 1-076(D) of the New Mexico Rules of Civil Procedure, "[a]n appeal from the Human Rights Commission shall be taken within ninety (90) days from the date of service on the parties to the administrative proceeding of: (1) the commission's order; or (2) the director's or complainant's notice of waiver of the complainant's right to hearing before the commission." N.M. R. Civ. P. Dist. Ct. 1-076(D). An appellant's claim is subject to dismissal for failure to file within ninety (90) days. *See Mitchell-Carr*, 1999-NMSC-025, 127 N.M. at 287 ("[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the [Human Rights Commission] and appealing that order within [90] days are not satisfied.")

The Letter of Determination was sent on June 2, 2022. Doc. 11 at 41. Appellant states the letter was mailed on June 3, 2022.[1] Doc. 13 at 1. Appellant filed her appeal on September 6,

---

[1] Appellant did not file an exhibit supporting this assertion. However, the provided date still establishes that Appellant failed to file her appeal within the 90 days.

2022, which is either 95 or 96 days after the date of service. Doc. 1-1 at 1. Because she filed her appeal after the 90 days, her NMHRA claims are time barred.

Appellant argues that she timely filed an appeal because she did not receive the determination until on or after June 6, 2022.[2] Appellant argues that she followed the Letter of Determination, which stated that "if you intend to Appeal, you must do so within 90 days from receipt of this determination." Doc. 1-1 at 43; Doc. 13 at 1. As the Court has discussed, an appeal must be filed within 90 days from date of service, in other words date of mailing. *See Herrera,* 695 Fed.Appx. at 371 (construing the "date of service" language in N.M. Stat. Ann. § 28-1-13(A) to mean the "date of mailing"); *see also* N.M. Stat. Ann. § 28-1-13(A) ("A person aggrieved by an order of the commission may obtain a trial de novo by filing a notice of appeal ... within ninety days from the date of service of the commission's order"). Additionally, the Letter of Determination also stated, "[t]he notice of appeal must be filed within ninety (90) days of the *date of service* of this Determination." Doc. 1-1 at 43. The *Vigil* Court addressed this issue directly where the Letter of Determination contained contradictory language – date of service and date of receipt. *Vigil*, 2009 WL 1300746 at *13. *Vigil* held that the contradictory language placed appellant on alert, and "that reliance on the letter's language, without further investigation, rather than that of the statute, would be unwise." *Id*. The Court finds that based on the date of service, Appellant's NMHRA claims are time barred.  Because Appellant failed to file an appeal within the 90 days from the date of service of the Letter of Determination, the Court does not have jurisdiction over the NMHRA claims.

---

[2] The date of receipt of the letter of determination is unclear to the Court. However, the date of receipt is unnecessary for the Court's analysis because the Court must use the date of service.

**IT IS THEREFORE ORDERED** that the Appellees' Motion to Dismiss (Doc. 11) is **GRANTED**. The New Mexico Human Rights Act claims are **DISMISSED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**