IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTA BACA,

    Plaintiff,

vs.                                                          Civ. No. 22-780 KWR/SCY

OFFICE OF THE SUPERINTENDENT OF
INSURANCE, RUSSELL TOAL, ANGELICA
ANAYA ALLEN, STEPHEN THIES,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes the Court sua sponte, following the Order to Show Cause. Doc. 28. Given Plaintiff's failure to participate in two scheduled status conferences and her failure to respond to the Order to Show Cause, I recommend dismissing this matter without prejudice.

## PROCEDURAL HISTORY

Plaintiff alleges discrimination in the terms and conditions of her employment against Defendants Office of Superintendent of Insurance, Angelica Anaya Allen, Russell Toal, and Stephen Thies. She brought claims of discrimination on the basis of her disability, age, gender, national origin, and race under both state and federal law. Doc. 17 at 1-2. On June 20, 2023 the presiding judge dismissed some, but not all, of her claims. Doc. 26 (dismissing New Mexico Human Rights Act claims as time-barred). I recommend that the Court now dismiss Plaintiff's remaining claims based on the following.

On March 2, 2023, the Court issued its Initial Scheduling Order, setting a Rule 16 Scheduling Conference for April 13, 2023 at 09:30 AM. Doc. 9. Plaintiff failed to appear at that conference. Doc. 19. The Court vacated and rescheduled it. *Id.* On April 25, 2023, the Court held the rescheduled Rule 16 Scheduling Conference, wherein Plaintiff advised she missed the prior

setting due to a family medical emergency. Doc. 24. With the parties' concurrence, the Court indicated it would set a status conference in September to check in with the parties on whether to set a settlement conference. *Id.* The Court scheduled that status conference for September 26, 2023 at 9:30 AM. Doc. 25. At the September 26 status conference, Plaintiff again failed to appear. The docket contained no telephone number for Plaintiff and so Court staff attempted to contact Plaintiff at the telephone number defense counsel said Plaintiff provided him. Doc. 27. Court staff could not reach Plaintiff at this number and was later advised by the person at this number that the number does not belong to Plaintiff. Doc. 27.

Noting that it was Plaintiff's second missed court setting, the Court issued an Order to Show Cause on September 26, 2023. Doc. 28. The Court advised:

> Under Federal Rule of Civil Procedure 16(f), the Court has authority to sanction a party for failing to "appear at a scheduling or other pretrial conference" and failing to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). These sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Court hereby gives notice it is considering entering an order requiring Plaintiff to pay Defendants' fees and expenses incurred because of Plaintiff's failure to appear at the September 26, 2023 status conference.

Doc. 28 at 1-2. The Court ordered Plaintiff to respond in writing and explain her failure to appear, provide a working telephone number, and state any reasons an award of fees would be unjust. *Id.* at 2. The deadline to respond was October 10, 2023. *Id.* Finally, "Plaintiff is advised that failure to comply with this Order, or future failures to appear, may result in dismissal of her case." *Id.*

The October 10 deadline expired with no response from Plaintiff. In the meantime, Defendants filed a motion contending that Plaintiff has not provided the signed releases with her

initial disclosures required by the Local Rules. Doc. 29. The time to respond to that motion has expired without a response from Plaintiff.

## ANALYSIS

Under Federal Rules of Civil Procedure 16, the court "may issue any just orders" if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Such "just order" may include dismissing an action. Fed. R. Civ. P. 16(f)(1) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)). Likewise, Rule 41(b) allows the court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, and for failing to comply with court rules or any order of the court." (internal citations omitted)). Given Plaintiff's repeated failure to appear along with her failure to respond to the Order to Show Cause, I recommend dismissing her case without prejudice.

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) ("[A] district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." (internal quotation marks and citation omitted)). However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus.*

*Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). A plaintiff can waive this argument by failing to address it. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Plaintiff will have an opportunity to address the statute of limitations issue when filing objections to this Proposed Findings and Recommended Disposition. Without the benefit of briefing on the topic, I will not reach a conclusion. Instead, I will consider the *Ehrenhaus* factors and whether dismissal without prejudice (that might effectively be dismissal with prejudice) is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice).

Before dismissing a case with prejudice, the court should consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal citations omitted). In this case, the first two factors are related. That is, Plaintiff's failure to participate in the case prejudices Defendants in their ability to challenge Plaintiff's claims and resolve the case. Likewise, her failure to participate in the case interferes with the judicial process by completely halting any movement towards a resolution of the case. Next, I find Plaintiff culpable because she has failed to appear at two of the three status conferences set in her case, failed to respond to the Court's Order to Show Cause, and failed to fully comply with her initial disclosure obligations. As to the fourth factor, in the Order to Show Cause issued after Plaintiff's failure to appear for the status conference, the Court warned Plaintiff that "failure to comply with this Order may result in

dismissal of her case." Doc. 28 at 2. Lastly, no lesser sanction would be effective. Given Plaintiff's failure to participate in the case, any sanction less than dismissal would likely result in the same problem: Plaintiff would continue to not respond to Court orders and the case would be unable to move forward.

As discussed above, I do recommend that the Court dismiss the case without prejudice, which is a lesser sanction than dismissal with prejudice. I note, however, a possibility exists that application of the statutes of limitation could make such dismissal equivalent to dismissal with prejudice. Thus, despite the fact that I am recommending dismissal without prejudice, I have analyzed the *Ehrenhaus* factors and recommend that the Court find consideration of those factors would support dismissal of this action with prejudice. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice). That is, I recommend finding that even if dismissal without prejudice is effectively dismissal with prejudice, such dismissal is warranted.

## RECOMMENDATION

For these reasons, I recommend dismissing this case without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**